A.M. Medical Services, P.C., as Assignee of Maya Kretova, Appellant, 
against
Travelers Insurance Co., Respondent. 




Law Office of David O'Connor, PC (David O'Connor of counsel), for appellant.
Law Office of Aloy O. Ibuzor (Theresa M. Carrubba and William Angstreich of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Tracy A. Catapano-Fox, J.), entered June 20, 2018. The order, insofar as appealed from, granted the branch of defendant's motion seeking to toll the accrual of no-fault statutory interest based upon plaintiff's delay in the prosecution of the action to the extent of tolling that interest from March 24, 2003 to July 13, 2017.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
Plaintiff commenced this action in 2002 to recover assigned first-party no-fault benefits for services allegedly rendered in 2001. The record demonstrates that issue was joined in July 2002, that plaintiff served responses to defendant's discovery demands on March 24, 2003, and that plaintiff filed a notice of trial dated July 13, 2017. Defendant moved to strike the notice of trial and to dismiss the complaint or, in the alternative, to toll the accrual of no-fault statutory interest. By order entered June 20, 2018, the Civil Court granted the branch of defendant's motion seeking to toll the accrual of no-fault interest to the extent of tolling the interest from March 24, 2003 to July 13, 2017, and denied the other branches of defendant's motion. Plaintiff appeals from so much of the order as tolled the no-fault interest. 
Where a provider does not commence a no-fault action within 30 days of receipt of the insurer's denial of claim form, the Insurance Department Regulations provide that statutory interest (see Insurance Law § 5106 [a]) does not begin to accumulate until an action is commenced (11 NYCRR 65-3.9 [c]). If an action has been commenced, statutory interest accumulates "unless the applicant unreasonably delays the . . . court proceeding" (11 NYCRR 65.15 [h] [now 11 NYCRR 65-3.9 (d)]). In this case, the Civil Court tolled the no-fault interest between the date plaintiff served responses to defendant's discovery demands and the date plaintiff filed the notice of trial. Plaintiff's
argument on appeal, that it was defendant which had "unreasonably delay[ed]" the action by failing to serve responses to plaintiff's discovery demands, is not supported by the record and, in any event, lacks merit (see Vitality Chiropractic, P.C. v Countrywide Ins., 59 Misc 3d 150[A], 2018 NY Slip Op 50838[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Kew Gardens Med & Rehab, P.C. v Country-Wide Ins. Co., 52 Misc 3d 143[A], 2016 NY Slip Op 51240[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Accordingly, the order, insofar as appealed from, is affirmed. 
ALIOTTA, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 24, 2020